UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN FAMILY TRUST,<br><br>        Plaintiff,<br><br>   v.<br><br>CARMEN CHAIREZ,<br><br>        Defendant. | No. 2:14-cv-958 JAM-KJN PS<br><br>**ORDER** |

This is an unlawful detainer action that was removed to this Court on April 18, 2014, by Defendant Carmen Chairez, proceeding without counsel, from the San Joaquin County Superior Court. (ECF No. 1.) Defendant also filed a request to proceed *in forma pauperis*.[1] (ECF No. 2.)

I. OPINION

Defendant's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. §

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). No hearing was scheduled.

1

1915(a)(1).  Accordingly, the Court grants Defendant's request to proceed *in forma pauperis.*

The determination that a party may proceed *in forma pauperis* does not complete the required inquiry.  A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  For the reasons outlined below, the Court finds that it lacks subject matter jurisdiction over the action and thus remands the case to state court.

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

2

|   |   |
|---|---|
| 1 | embracing the place where such action is pending. |
| 2 |   |

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

In regard to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

3

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

Here, removal cannot be based on federal question jurisdiction. Although Defendant's notice of removal suggests that Plaintiff brings claims under various federal statutes, including the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act, the state court papers accompanying the notice of removal indicate that the state court action is nothing more than a simple unlawful detainer action. (ECF No. 1 at 6-13.) This Court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court.

Any defenses or counterclaims based on federal law must generally be raised in the state court action and do not provide a basis for removal. "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")

Furthermore, this action cannot be removed on grounds of diversity jurisdiction. First, the amount in controversy does not exceed $75,000, because Plaintiff's complaint specifically does not seek more than $10,000. (ECF No. 1 at 10.) Second, even if the amount in controversy exceeded $75,000, Defendant is a citizen of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the*

*State in which such action is brought*") (emphasis added).

For the reasons set forth above, the Court finds that it lacks federal subject matter jurisdiction over Plaintiff's unlawful detainer action brought pursuant to California law. As such, the case must be remanded to state court.

Finally, the Court notes that this is now the second time that Defendant has improperly removed Plaintiff's unlawful detainer action to federal court. See Ryan Family Trust v. Chairez, 2:14-cv-97-JAM-AC, ECF No. 6 (April 16, 2014 order remanding action to state court based on lack of subject matter jurisdiction). Mere days later, on April 18, 2014, Defendant filed the present notice of removal. Defendant is put on notice that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Although the Court, in light of Defendant's *pro se* status, presently declines to order the payment of costs and expenses, Defendant is cautioned that any future improper removals may result in an award of costs and expenses to Plaintiff, and/or the imposition of any other appropriate sanctions.

## II.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's request to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

2. The action is REMANDED to the San Joaquin County Superior Court.

6

    3.    The Clerk of Court shall serve a certified copy of this order on the Clerk of the San Joaquin County Superior Court, and reference the state case number (39-2013-00303361-CL-UD-MAN) in the proof of service.

    4.    The Clerk of Court shall vacate any dates and close this case.

IT IS SO ORDERED.

Dated: April 22, 2014

                                                 _____
                                               JOHN A. MENDEZ,
                                               UNITED STATES DISTRICT JUDGE